IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| CHERYL MILES,<br><br>                    Plaintiff,<br><br>          v.<br><br>LAKEVIEW BIODIESEL, LLC, and<br>LAKEVIEW ENERGY LLC<br><br>                    Defendant. | Case No.:  4:22-cv-01370<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Cheryl Miles ("**Miles**"), by and through his undersigned counsel, hereby submits the following Complaint and Demand for Jury Trial against Defendant Lakeview Biodiesel, LLC ("**Lakeview Biodiesel**") and Lakeview Energy, LLC ("**Lakeview Energy**") and alleges the following upon personal knowledge and belief, and investigation of counsel:

## PARTIES

1. Plaintiff Miles is a resident and citizen of Utah.

2. Defendant Lakeview Biodiesel is a foreign limited liability company formed under the laws of Delaware with its principal place of business in Chicago, Illinois.

3. None of Lakeview Biodiesel's LLC members are citizens of Utah.

4. On June 10, 2015, Lakeview Biodiesel registered to conduct business in the State of Missouri.

5. In its Application for Registration of a Foreign Limited Liability Company filed with the Missouri Secretary of State, Lakeview Biodiesel stated the purpose of the company was to "[o]wn and operate a biodiesel production facility."

6. Lakeview Biodiesel's production facility is in Moberly, Missouri.

7. Defendant Lakeview Energy is a foreign limited liability company formed under the laws of Delaware with its principal place of business in Chicago, Illinois.

8. None of Lakeview Energy's LLC members are citizens of Utah.

9. On September 30, 2010, Lakeview Energy registered to conduct business in the State of Missouri.

10. In its Application for Registration of a Foreign Limited Liability Company filed with the Missouri Secretary of State, Lakeview Energy stated the purpose of the company was "[b]uying and selling fuel-grade ethanol and biodiesel."

11. On its website, Lakeview Energy states that its "biofuels division has recently acquired a biodiesel facility in Moberly, Missouri. The plant is capable of producing 10 million gallons of biodiesel and 4,000 tons of glycerin." *See* https://www.lakeviewenergyllc.com/about-us (last visited December 22, 2022).

12. On its website, Lakeview Energy identifies the locations of its operations:



*See* https://www. lakeviewenergyllc.com/about-us (last visited December 22, 2022).

13. Lakeview Biodiesel's and Lakeview Energy's Missouri registered agent that is authorized to accept service of process is Universal Registered Agents, Inc., 300 B East High Street, Jefferson City, Missouri 65101.

## JURISDICTION AND VENUE

14. At all times pertinent to this Complaint, Defendants were in the business of buying and selling fuel-grade ethanol and biodiesel in Missouri, as well as owning and operating a biodiesel production facility in Moberly, Missouri.

15. Defendants regularly transacted business in Missouri, which includes producing, transporting, marketing, buying, and selling biodiesel fuel; derive substantial revenue from their business transactions in Missouri; and have purposely availed themselves of the privilege of doing business in Missouri.

16. Defendants have shipped or participated in shipping biodiesel fuel with the reasonable expectation that the fuel could or would find its way in Missouri through the stream of commerce.

17. Defendants' actions in producing, transporting, marketing, buying, and selling biodiesel fuel in Missouri should have led them to reasonably anticipate being hauled into Court in Missouri.

18. Defendants have sufficient "minimum contacts" with Missouri that subjecting them to personal jurisdiction in Missouri does not offend traditional notions of fair play and substantial justice.

19. There is complete diversity between Plaintiff and all LLC members comprising Defendants.

20. This Court has subject matter jurisdiction in this matter pursuant to 28 U.S.C. §1332(a)(1) and §1332(a)(2), as there is complete diversity between Plaintiff and Defendants and the amount in controversy exceeds $75,000.

21. This Court is a proper venue for this civil action pursuant to 28 U.S.C. §1391(b) and Local Rules.

22. This Court's exercise of personal jurisdiction over Defendants comports with due process.

## BACKGROUND

**The Promissory Note**

23. On September 1, 2021, Miles, the lender, and Lakeview Biodiesel, the borrower, entered into a Promissory Note.

24. Jim Galvin, President of Lakeview Biodiesel, LLC, signed the Promissory Note on behalf of Lakeview Biodiesel.

25. In addition to serving as President of Lakeview Biodiesel, Jim Galvin serves as the Chief Executive Officer of Lakeview Energy, on the Executive Team of Lakeview Energy, and as a Board Director of Lakeview Energy.

26. The parties agreed that the Promissory Note shall be governed under the laws of Missouri.

27. Under the terms of the Promissory Note, Lakeview Biodiesel received $250,000.

28. Lakeview Biodiesel agreed that the unpaid balance of would accrue interest at a rate of 6.5% per annum beginning on October 1, 2021.

29. Lakeview Biodiesel agreed to pay the full balance of the Promissory Note, with accrued interest and late fees, by October 1, 2022.

30. Lakeview Biodiesel failed to pay the full balance of the Promissory Note, with accrued interest and late fees, by October 1, 2022.

31. Lakeview Biodiesel is in default.

32. In a letter dated October 4, 2022, Miles informed Lakeview Biodiesel that it was in default. Lakeview Biodiesel failed to cure the default.

33. Under the terms of the Promissory Note, and because Lakeview Biodiesel is in default, interest is accruing at the maximum rate allowed by law.

34. Under the terms of the Promissory Note, and because Lakeview Biodiesel is in default, Miles is entitled to recover the full unpaid balance, interest, and all attorneys' fees and costs, including but not limited to the fees and costs incurred in this lawsuit.

**Fraudulent Inducement**

35. Miles was fraudulently induced by Lakeview Energy to enter into the Promissory Note.

36. In the weeks leading up to the execution of the Promissory Note, representatives of Lakeview Energy made misrepresentations and omissions of fact to Miles to induce her to loan $250,000 to Lakeview Biodiesel.

37. For example, on July 28, 2021, Steve Meyer, Chief Financial Officer and Board Director of Lakeview Energy, sent an email to Miles' representative. The purpose of the email was to provide assurances to Miles that her $250,000 loan would be secured by necessary collateral.

38. Specifically, Mr. Meyer stated that he "added equipment, fixtures and land to the security section" of the Promissory Note. Again, Lakeview Energy's purpose of "add[ing]" these purported assets to the security section of the Promissory Note was to convince Miles that her $250,000 loan was protected if Lakeview Biodiesel defaulted on the loan.

39. Based upon information and belief, in making these affirmative representations to Miles, Lakeview Energy intentionally or recklessly withheld information that Lakeview Energy had previously pledged these same assets as security to another lender, which gave that lender a priority interest in the security.

40. Lakeview Energy made similar fraudulent omissions and misrepresentations of fact in emails and drafts of the Promissory Note that it sent to Miles. In those drafts – which were intended to induce Miles to enter the Promissory Note – Lakeview Energy represented: "The Borrower [Lakeview Biodiesel] agrees to provide accounts receivable and inventory, equipment, fixtures and land at 607 W. Fowler Rd., Moberly, MO 65270 referred to as the 'Security', which shall transfer to the possession and ownership of the Lender [Miles] IMMEDIATELY if this Note should be in default." (Capitalization in original.)

41. Lakeview Energy knew that because it had previously pledged the same assets as security to another lender, these assets would not "IMMEDIATELY" transfer to Miles upon Lakeview Biodiesel's default on the Promissory Note.

## COUNT I
## BREACH OF CONTRACT
**(Against Lakeview Biodiesel)**

42. Plaintiff incorporates by reference all foregoing paragraphs as if fully set forth herein and further states as follows.

43. Miles and Lakeview Biodiesel entered into a valid and enforceable contract – the Promissory Note.

44. Miles fully performed her obligations under the Promissory Note.

45. Lakeview Biodiesel breached the contract by failing to pay all amounts due under the Promissory Note.

46. As a result of the breach, Miles suffered damages.

## COUNT II
## FRAUD
### (Against Lakeview Energy and Lakeview Biodiesel)

47. Plaintiff incorporates by reference all foregoing paragraphs as if fully set forth herein and further states as follows.

48. Lakeview Energy and Lakeview Biodiesel ("**Lakeview Defendants**") made material representations of fact with knowledge that the representations were not true.

49. Lakeview Defendants also knowingly made material omissions of fact.

50. Lakeview Defendants had a duty to disclose the truth to Miles because, among other reasons, there was a relationship of trust and confidence between the parties, and the Lakeview Defendants had superior knowledge not within the fair and reasonable reach of Miles.

51. Further, Lakeview Defendants had a duty to disclose the omitted facts because they made affirmative misrepresentations of fact to Miles.

52. Lakeview Defendants made the misrepresentations and omissions with the intent that the misrepresentations and omissions would be relied upon by Miles.

53. Miles had the right to rely upon, and did, in fact, rely upon, the Lakeview Defendants' misrepresentations and omissions.

54. Miles was not aware that the Lakeview Defendants' misrepresentations and omissions were untrue when they were made.

55. Lakeview Defendants' misrepresentations and omissions caused injury and damages to Miles.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for all damages to which she is entitled by law, including but not limited to the full principal balance owed under the Promissory Note, damages suffered because of Defendants' fraud, punitive damages, interest, and attorneys' fees and costs.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all claims so triable.

Dated: December 22, 2022                Respectfully submitted by:

BOULWARE LAW LLC

 /s/ Brandon J.B. Boulware
Brandon J.B. Boulware        # 54150MO
Jeremy M. Suhr               # 60075MO
1600 Genessee, Suite 416
Kansas City, MO 64102
Tele:   (816) 492-2826
Fax:    (816) 492-2826
brandon@boulware-law.com
jeremy@boulware-law.com

***Attorneys for Plaintiff***